## CIRCUIT COURT OF HENRICO COUNTY

Hartung

v.

Wells, Adm'r
of the Estate of
Linda Goodwin,
deceased, et al.

December 29, 1975

Case No. 75L178

BY JUDGE E. BALLARD BAKER

The demurrer alleges three grounds: (1) Hartung, not being a lien creditor, has no standing to bring an action for civil conspiracy to defraud creditors of the estate; (2) Hartung has sustained no loss, and (3) Hartung has not alleged that the personal estate of the decedent is insufficient to pay the debts of the decedent.

As to the latter two grounds, the Motion for Judgment alleges that two judgments totaling over $6,500 have been obtained against Hartung because of notes he made as an accommodation with Linda Goodwin, the deceased, and the Motion also alleges that the defendant, Wells, as administrator of the estate, filed an estimated inventory of $500 as being the value of the personal property.

Under § 64.1–181, a creditor of an estate has a right that real estate of a decedent be applied to the decedent's debts after the personal estate has been exhausted. A reasonable inference of fact in the Motion for Judgment is that the defendant administrator correctly states the personalty to be less than $500. Consequently, the realty of Linda Goodwin would be liable to the claims of Hartung and other creditors in excess of $500. The Motion alleges that had the realty been applied to the obligations of the estate, those obligations, including the two which resulted in judgments against Hartung, would

have been substantially reduced. While the amount of such reduction is a matter of proof, I think the allegation in paragraph 18 is adequate on alleged damages.

The question of whether Hartung has standing to bring the action is almost answered by the above. It seems to be true that a mere general creditor, not having a lien, cannot bring an action for conspiracy relating to the disposal of the debtor's property. 16 Am. Jur. 2d, *Conspiracy*, § 51. This is because as the defendant points out, without a lien, the creditor cannot be legally injured by any action of the debtor or others to dispose of his property. However, the real property of a decedent is not in the same category as the real property of a living person. Section 15.1–181 makes realty subject to debts after the personal estate has been used. Section 15.1–184 prevents the sale of realty within one year after death and provides certain protection for the creditor.

The creditor of a decedent can be legally injured by a conspiracy which disposes of realty of the decedent in such a way that §§ 64.1–181 and 64.1–184 become inapplicable. Where the alleged conspiracy involves, as here, the person who subsequently became administrator of the estate and his attorney, I am of the opinion that the allegations are sufficient to get by a demurrer.